IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KYSETTA WARNER-ARMSTRONG                                    PLAINTIFF

V.                                      CAUSE NO. 5:17-CV-56-DCB-MTP

HOME DEPOT U.S.A., INC.                                     DEFENDANT

ORDER AND OPINION

Before the Court is a Motion for Summary Judgment **[Doc. 16]** filed by Defendant Home Depot U.S.A., Inc.

**Background**

Kysetta Warner-Armstrong brought this falling-merchandise action against Home Depot U.S.A., Inc. ("Home Depot") in Lincoln County Circuit Court. She alleges she was injured when an item fell from the shelf of a Brookhaven, Mississippi Home Depot store and struck her in the head. She cannot say what struck her or how it fell; she instead insists she "blacked out."

Invoking diversity jurisdiction, Home Depot removed the case to this Court.[1] It now moves for summary judgment, arguing Warner-

---

[1] The amount in controversy exceeds $75,000, exclusive of interest and costs, Warner-Armstrong is a Mississippi citizen, and Home Depot is a citizen of Delaware and Georgia. See Doc. 1, ¶¶6-7.

Armstrong cannot prove one or more elements of her premises-liability claim under Mississippi law.

I

Summary judgment is proper if Home Depot shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). If Home Depot shows the absence of a disputed material fact, Warner-Armstrong "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." McCarty v. Hillstone Restaurant Grp., Inc., 864 F.3d 354, 357 (5th Cir. 2017).

The Court views facts and draws reasonable inferences in Warner-Armstrong's favor. Vann v. City of Southaven, Miss., 884 F.3d 307, 309 (5th Cir. 2018). As always, the Court neither assesses credibility nor weighs evidence at the summary-judgment stage. Gray v. Powers, 673 F.3d 352, 354 (5th Cir. 2012) (citation omitted).

II

Jurisdiction is based on diversity of citizenship, so the Court applies Mississippi premises-liability law. Mid-Continent Cas. Co. v. Swift Energy Co., 206 F.3d 487, 491 (5th Cir. 2000) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)).

Warner-Armstrong is an invitee. See Patricola v. Imperial Palace of Miss., LLC, 235 So. 3d 214, 216-17 (Miss. Ct. App. 2017). So to recover, she must show (1) a negligent act of Home Depot caused her injury; (2) Home Depot had actual knowledge of a dangerous condition; or (3) a dangerous condition remained long enough to impute constructive knowledge to Home Depot. Walz v. HWCC-Tunica, Inc., 186 So. 3d 375, 377 (Miss. Ct. App. 2016). Each theory requires Warner-Armstrong to show a dangerous condition existed. Jones v. Wal-Mart Stores East, LP, 187 So. 3d 1100, 1104 (Miss. Ct. App. 2016).

A

Home Depot contends it is entitled to summary judgment because Warner-Armstrong cannot prove that Home Depot created or had actual or constructive knowledge of a dangerous condition. In support, it points to portions of Warner-Armstrong's deposition testimony and her interrogatory responses. And it emphasizes Warner-Armstrong's inability to identify what item struck her and how it fell from the shelf. It also notes that Warner-Armstrong is the sole witness, and it suggests that she lacks credibility.

Warner-Armstrong rejoins that she has presented circumstantial evidence showing her injury was caused by Home Depot's negligent failure to maintain its shelves. Home Depot is responsible for maintaining its shelves; it must therefore have

3

created the condition allowing an item to fall from them. So argues Warner-Armstrong.

Home Depot faults Warner-Armstrong for relying on res ipsa loquitor and suggests that doctrine does not apply in premises-liability cases like this one. Res ipsa loquitur, however, is just a form of circumstantial evidence. Read v. Southern Pine Elec. Power Ass'n, 515 So. 2d 916, 919 (Miss. 1987) (citing Dees v. Campbell, 183 So. 2d 624, 626 (Miss. 1966)). And circumstantial evidence is merely evidence of a fact from which the existence of another fact may reasonably be inferred. Miss. Winn-Dixie Supermarkets v. Hughes, 156 So. 2d 734, 736 (Miss. 1963).

Warner-Armstrong may show Home Depot's negligence from circumstantial evidence of "adequate probative value." Elston v. Circus Miss., Inc., 908 So. 2d 771, 775 (Miss. Ct. App. 2005). That evidence, though, must make her theory "reasonably probable, not merely possible." Miss. Dep't of Transp. v. Cargile, 847 So. 2d 258, 262 (Miss. 2003), overruled on other grounds by Little v. Miss. Dep't of Transp., 129 So. 3d 132 (Miss. 2013).

III

This case turns on Warner-Armstrong's credibility. She is the only witness and says something fell from a shelf and struck her. See Doc. 16-3, p. 6 ("[D]isplay item broke and struck me in the center of my head."). But Home Depot's Motion asks the Court to

4

discredit Warner-Armstrong's testimony. In fact, it suggests that the incident she describes may not have occurred at all. See Doc. 22, p. 6, n. 19. Because it is the province of the jury — not the Court — to decide if Warner-Armstrong is a credible witness, and it is Warner-Armstrong's testimony that raises a material fact issue, the Court must deny Home Depot's Motion.

Warner-Armstrong has presented circumstantial evidence from which a jury could find that Home Depot's failure to properly maintain its shelves caused an item to fall and strike her in the head. In that regard, Home Depot has not presented any summary-judgment evidence discrediting Warner-Armstrong's theory that the fall of the item was caused by Home Depot's improper maintenance of the shelf. It has not, for example, offered any evidence of inspections of the aisle in question. Nor has it come forward with any evidence that would tend to show that any dangerous condition presented by the shelf was likely created by another customer, rather than Home Depot.

In support of its Motion, Home Depot cites a falling-merchandise case, Byrd v. Sam's East, Inc., 1:06-CV-121-LG-JMR, 2007 WL 3256578, at *1 (S.D. Miss. Nov. 1, 2007). There, a shopper sued a Sam's Club store, alleging she was injured when a display item fell from a shelf. Id. at *1. She argued, like Warner-Armstrong, that the store created a dangerous condition by

5

improperly arranging an item on a display shelf. Id. at *2. But record evidence belied her theory: the boxes she stated struck her were fixed to the shelf; they could not have dislodged and struck the plaintiff in the manner she claimed. Id. at *2.

Home Depot's efforts to analogize this case to Byrd are unpersuasive, chiefly because Home Depot has not directed the Court to evidence exposing Warner-Armstrong's theory as conjectural or any less plausible than the one Home Depot urges the Court to accept. On this record, the Court cannot say that it is merely possible, rather than "reasonably probable," that a Home Depot employee placed the fallen item on the shelf, and in so doing created a dangerous condition causing Warner-Armstrong's alleged injuries. Cargile, 847 So. 2d at 262.

IV

Viewing facts, resolving doubts, and drawing reasonable inferences in Warner-Armstrong's favor, the Court finds summary judgment improper. Warner-Armstrong offers sufficient circumstantial evidence of adequate probative value to support an inference that Home Depot created a dangerous condition that allowed an item to fall from a shelf and strike her on the head. She therefore raises a genuine issue of material fact, precluding summary judgment.

6

Accordingly,

IT IS ORDERED that Defendant Home Depot U.S.A., Inc.'s Motion for Summary Judgment **[Doc. 16]** is DENIED.

SO ORDERED this the 18th day of April, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE