# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**KYSETTA WARNER-ARMSTRONG**                                 **PLAINTIFF**

**VS.**                    **CIVIL ACTION NO. 5:17-cv-00056-DCB-MTP**

**HOME DEPOT U.S.A., INC.**                                            **DEFENDANT**

---

## DEFENDANT HOME DEPOT U.S.A., INC.'S
## MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE*

---

Pursuant to Local Rule 7(b)(4), Defendant, Home Depot U.S.A., Inc. (sometimes referred to herein as "Home Depot"), by and through counsel of record, files this its Memorandum in Support of its Motion *in Limine*, seeking an Order from the Court prohibiting Plaintiff from offering certain testimony, comments, and evidence in the above-styled case, as more fully set forth below.

## INTRODUCTION AND BACKGROUND

Home Depot anticipates that Plaintiff and/or her witnesses may testify or offer evidence that should be excluded or limited at trial, and Home Depot seeks as order from the Court, *in limine*, that Plaintiff shall make no comment, argument, testimony, utterance, or attempt to offer any testimony, writing, documentation or evidence whatsoever regarding that described below.

Plaintiff has not provided any medical records or bills in support of her allegations in the course of discovery. In her initial disclosures, Plaintiff lists as witnesses her "physicians and medical providers" and as those documents she may

use at trial, her "medical records." *See* Plaintiff's Initial Disclosures, attached as **Exhibit "A."** In response to discovery from Home Depot asking for identification of those doctors who have treated her following the incident, she listed three: Dr. Jang, Dr. Messenger, and Dr. McLane (non-physician). *See* Plaintiff's Responses to Discovery, attached as **Exhibit "B,"** Interrogatory No. 8. She also describes her post-incident injuries as the "maladies shown in medical records" as well as dizziness and headaches. *See Id.*, Interrogatory No. 9. Plaintiff has provided no medical records or bills, except for chart notes and invoices regarding two visits from her audiologist, Dr. McLane—one visit over seven months and another over a year after the incident alleged at the Home Depot. *See* Plaintiff's Document Production, attached as **Exhibit "C,"** pp. 4 to 32. Further, she has only provided a limited claim listing from her health insurer, Blue Cross Blue Shield. *See Id.,* p. 35. Finally, although Plaintiff pleads for punitive damages in her Complaint, she has neither identified any witness nor produced any evidence in discovery on this issue.

The lack of specificity as to the witnesses that may be called and the lack of production of supporting medical evidence and bills, as well as any evidence for her purported punitive damages claim, should preclude her use of same at trial. For the reasons that follow, Home Depot requests the limiting order be issued.

## RELIEF SOUGHT

Home Depot respectfully requests that this Honorable Court grant its Motion *in Limine* on the grounds set forth herein. Home Depot further requests any other relief which this Court deems necessary and just.

## STANDARD

The Fifth Circuit Court of Appeals has stated the following with regard to Motions *in Limine*:

> A motion *in limine* is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation omitted).

## ARGUMENT

Home Depot anticipates that Plaintiff may attempt to introduce evidence that should be excluded in this matter as not timely disclosed. First, and as set forth below, Plaintiff may attempt to introduce evidence through medical records or medical testimony, particularly with regard to diagnoses, treatment, causation, and/or prognoses, which was not provided to the undersigned pursuant to F.R.C.P. 26 or the local rules. Second, Plaintiff should be prohibited from introducing hearsay testimony as to what her physicians told her regarding her diagnoses, treatment, causation, and prognosis. Third, to the extent Plaintiff may seek to introduce evidence of her own opinions, or those of her lay witnesses, regarding her medical treatment, Home Depot suggests that such is within the province of expert testimony not appropriately addressed without the requisite knowledge and experience.

### A. Any Evidence Regarding Medical Opinions on Causation From Treating Physicians Should Be Excluded as Undisclosed Evidence.

Federal Rule of Civil Procedure 26 governs the disclosures that must be made of witnesses and evidence. Rule 26 (a)(1) indicates that a party must disclose to the other parties all witnesses and documents that the disclosing party may use to support her claims. F.R.C.P. 26(a)(1)(A). Any disclosure made or response to a discovery request must be supplemented as required to correct or amend the disclosure in the course of the litigation. F.R.C.P. 26(e). Rule 26(a)(2) requires disclosures of any evidence intended to be presented by witness testimony and that the disclosure be accompanied by a written report "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."

With regard to disclosure of treating physicians, Local District Court Rule 26(a)(2)(D) states that:

> A party must designate physicians and other witnesses who are not retained or specially employed to provide expert testimony but are expected to be called to offer expert opinions at trial. No written report is required from such witnesses, but the party must disclose the subject matter on which the witness is expected to present evidence under FED.R.EVID. 702, 703 or 705, and a summary of the facts and opinions to which the witness is expected to testify. The party must also supplement initial disclosures.

Similarly, Federal Rule of Civil Procedure 26(a)(2)(C) states that, to the extent a witness is not required to provide a written report, the party's disclosure must state the subject matter on which the witness is expected to present evidence under

Federal Rules of Evidence 702, 703, or 705, and must also provide a summary of the facts and opinions to which the witness is expected to testify.

In the present matter, Plaintiff did not timely identify any medical experts in compliance with Local District Court Rule 26(a)(2)(D) or Federal Rule of Civil Procedure 26(a)(2)(C). As noted above, Plaintiff has produced no medical records or medical evidence regarding the extent and nature of her injuries and treatment alleged to arise from the incident. Accordingly, Defendant requests that an Order be entered prohibiting (1) any medical experts to be called by Plaintiff at trial, either live or be deposition, and further, (2) any medical opinions whatsoever on medical causation, diagnosis, prognosis, and treatment, given the absence of properly designated medical experts.[1]

However, to the extent that the Court is not inclined to limit all such medical records and reports not timely produced, Home Depot respectfully requests that any such evidence be limited to (1) that evidence which was actually produced or identified in the course of discovery and (2) limited to those medical opinions included in the reports of the treating physician. As noted by the District Court for the Southern District of Mississippi, Jackson Division, in *Robbins v. Ryan's Family Steak Houses E., Inc.*, 223 F.R.D. 448 (S.D. Miss. 2004):

> Both the Federal Rule and the Uniform Local Rule require that the disclosures of the required information of expert witnesses be made through a written report signed by the witness. Thus, the best practice is for the attorney to comply with the rules explicitly and submit to the

---

[1] It is well settled in Mississippi that a plaintiff is incompetent to testify regarding his or her own medical prognosis and treatment. *Haggerty v. Foster*, 838 So. 2d 948, 959 (Miss. 2002). Accordingly, Home Depot asserts that an Order prohibiting Plaintiff from offering any medical experts should likewise foreclose any testimony on medical causation, prognosis, and treatment.

> other party a "written report prepared and signed by the witness." However, recognizing the difficulty of obtaining such report from some physicians and the expense thereof, the court may allow, in some instances, for the office records of the calling party's treating physician to be submitted in lieu of a written and signed report. In such instances, <u>the treating physician will be limited at trial to testifying only to those opinions expressed in the office records.</u> Thus, if the attorney wishes to elicit from the treating physician an opinion not set forth in the physician's office records, he should submit a written report signed by the treating physician as required by the rules or suffer the consequence of having an objection to that opinion sustained at trial.

*Id.* at 453 (emphasis added). The Court went on to hold that considering these Rules and applying the factors in *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882-83 (5th Cir. 2004), the opinions of the plaintiff's treating physician included in the dilatory supplemental disclosure would be excluded. *Id.* at 453-54. This issue has been addressed on numerous occasions. *See Mitchell v. City of Gulfport,* No. 1:01-cv-449-LG-RHW, 2005 U.S. Dist. LEXIS 31690 (S.D. Miss. Nov. 18, 2005) (holding that expert testimony is limited in scope to opinions contained in written expert reports or in the physician's office records); *Francois v. Colonial Freight Sys.*, No. 3:06-cv-434-WHB-LRA, 2007 U.S. Dist. LEXIS 93881 (S.D. Miss. Dec. 21, 2007) (holding that providing a medical waiver does not absolve a plaintiff of making necessary and timely disclosures of treating physician opinions and the basis therefor); *West v. Drury Company*, No. 2:07-cv-215-P-A, 2008 U.S. Dist. LEXIS 103407 (N.D. Miss. Dec. 9, 2008) (holding that an expert could only offer opinions disclosed in his medical records prior to the expert disclosure deadline); *Bunch v. Metropolitan Casualty Insurance Co.*, No. 5:10-cv-104-DCB-JMR, 2011 U.S. Dist. LEXIS 40378 (S.D. Miss. Apr. 6, 2011) (limiting opinions of treating physicians to

those included in the medical records). Home Depot would show that Plaintiff did not identify any opinions to be offered by medical experts in compliance with Local District Court Rule 26(a)(2)(D) and Federal Rule of Civil Procedure 26(a)(2)(C) and offered no expert reports.

Accordingly, Home Depot requests that the Court exclude any and all evidence, and in particular all medical evidence and testimony that was not disclosed or identified in discovery. However, to the extent the Court denies Home Depot's request to exclude medical opinions to be offered by Plaintiff in their entirety, Home Depot requests that an Order be entered prohibiting any medical opinions not expressly included in medical records provided by Plaintiff in discovery.

**B.     Any Testimony from Plaintiff Regarding What Her Physicians Told Her Should be Excluded as Hearsay.**

Plaintiff and her counsel are expected to reference what Plaintiff's physicians and other medical providers told her about her injuries, condition, and treatment arising from the subject incident. Home Depot further anticipates that Plaintiff will attempt to elicit, refer to, or otherwise enter into evidence medical opinions, including medical opinions from treating physicians from whom no medical records were received, who were not identified in discovery, and/or were not properly designated as expert witnesses in this matter, and for whom Home Depot has not been afforded the opportunity of discovering the extent of their treatment and/or opinions.

Neither Plaintiff nor Home Depot has designated any expert witnesses to testify in this case. Thus, no medical experts will be testifying to the nature and extent of Plaintiff's injuries and treatment resulting from the subject incident. Any testimony and/or reference as to what Plaintiff's treating physicians and other medical providers told her about her alleged medical condition would constitute inadmissible hearsay and should be excluded at trial.

The Federal Rules of Evidence provide that hearsay is generally inadmissible. F.R.E 802. Any reference to what a physician or other non-physician, quasi-healthcare provider, such as an audiologist, told Plaintiff about her condition, treatment, or injuries would be classic hearsay because the medical provider would not be testifying at trial and Plaintiff would be offering the evidence solely to prove the truth of the matter asserted, *i.e.*, the severity of her injuries, if any, and the extent of her treatment. *See, e.g., Manhattan Nursing & Rehabilitation Center, LLC v. Pace*, 134 So. 3d 810 (Miss. Ct. App. 2014) (finding under the similar M.R.E. 803 that statements made by the plaintiff's physician regarding plaintiff's condition were inadmissible hearsay).

Thus, the Court should exclude all references, mentions, testimony, comments, statements, and arguments regarding what Plaintiff's physicians and other medical providers told her about her injuries, condition, and treatment arising from the subject incident.

### C. Any Statements from Plaintiff or Lay Witnesses Regarding Plaintiff's Medical Condition Should be Excluded.

Home Depot respectfully requests that the Court enter an order prohibiting Plaintiff and her lay witnesses from offering any expert opinion testimony concerning the causation, permanency, limitations, restrictions, and necessity of any medical condition or medical treatment for Plaintiff, as any such testimony is based on scientific, technical, or other specialized knowledge and not within the permissible scope of lay witness opinion testimony. F.R.E. 701.

### D. Testimony or Evidence Concerning the Extent and Nature of Plaintiff's Damages Should be Excluded.

Home Depot anticipates that Plaintiff will attempt to elicit, refer to, or otherwise enter into evidence medical records, medical bills, financial evidence or other damage-supporting documents that were not produced in discovery by Plaintiff. Federal Rule of Civil procedure 26(a)(1)(A)(iii) requires the disclosure of the computation of damages and the documents supporting same, "including materials bearing on the nature and extent of injuries suffered." Further, Federal Rules of Civil Procedure 26(a)(1)(E) and 26(e) require that those disclosures, as well as responses to written discovery propounded by the opposing party, be supplemented in a timely manner. Pursuant to Federal Rule of Civil Procedure 27(c), failure to disclose or to supplement such information results in such information being inadmissible at trial, unless failure to provide or supplement was substantially justified or is harmless. *See also Francois v. Colonial Freight Sys.*, No. 3:06-cv-434-WHB-LRA, 2007 U.S. Dist. LEXIS 93881 (S.D. Miss. Dec. 21, 2007)

(finding that providing an authorization or release does not excuse failure to supplement).

As noted above, Plaintiff has not produced the medical bills, financial statements, tax returns, or other financial loss or damage documentation required to compute her damages. As such, Home Depot requests that an Order be entered prohibiting Plaintiff from offering any testimony, suggestion, or offering any other evidence whatsoever of medical records, medical bills, or damage-supporting documents not produced in written discovery by Plaintiff.

### E.  Any Other Evidence or Testimony Not Timely Disclosed Should Be Excluded.

To the extent not addressed herein, Home Depot requests that any evidence or witnesses not disclosed in discovery should be precluded from use at trial of this matter. As noted at the outset, Plaintiff has produced almost no documentary evidence in support of her claims, limited solely to two treatment visits with her audiologist, Dr. McLane, and a one page health insurance summary. She has provided no evidence pertaining to the ultimate liability of Home Depot, no evidence regarding her economic damages, and no evidence of her purported punitive damages claim. To the extent not otherwise precluded herein, Home Depot requests an order excluding any evidence or testimony not disclosed in discovery or timely supplemented under the Federal Rules of Civil Procedure and Local District Court Rules.

## CONCLUSION

For the foregoing reasons, Home Depot respectfully requests that the Court grant its Motion *in Limine* and enter an order instructing Plaintiff, her counsel, and any and all witnesses called at the trial of this matter to refrain from mentioning or otherwise attempting to introduce into evidence any reference whatsoever to the matters and/or testimony specified herein during the trial, including but not limited to *voir dire*, opening statements, Plaintiff's case in chief, or closing arguments. Home Depot further requests any such other relief as the Court might deem appropriate under the circumstances.

THIS, the 1st day of May, 2018.

                                                Respectfully submitted,

                                                */s/ Megan S. Peterson*
                                              Megan S. Peterson (MSB # 105044)
                                              SIMON, PERAGINE, SMITH, & REDFEARN, LLP
                                              1100 Poydras Street, 30th Floor
                                              New Orleans, Louisiana 70163
                                              Telephone: 504-569-2030
                                              Facsimile: 504-569-2999
                                              Email: meganp@spsr-law.com

                                              and

                                              */s/ Michael C. Gatling*
                                              Michael C. Gatling (MSB # 101530)
                                              COPELAND, COOK, TAYLOR & BUSH, P.A.
                                              Post Office Box 6020 (39158)
                                              600 Concourse, Suite 100
                                              1076 Highland Colony Parkway
                                              Ridgeland, Mississippi 39157
                                              Telephone: 601-856-7200
                                              Facsimile: 601-856-7626
                                              Email: mgatling@cctb.com

*Counsel for Home Depot U.S.A., Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was this day served via electronic means on all counsel of record.

This, the 1st day of May, 2018.

                                            */s/ Michael C. Gatling*
                                            Michael C. Gatling